UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE NIMER MARTHA,<br>　　　　Plaintiff,<br>　v.<br>GENE CATANIA,<br>　　　　Defendant. | Case No. 4:19-cv-01535-KAW<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 1, 4 |

On March 22, 2019, Plaintiff George Martha filed this case for slander and invasion of privacy against Defendant Gene Catania. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed *in forma pauperis*. (Dkt. No. 4.) Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. On April 15, 2019, Plaintiff filed a declination to proceed before the undersigned, but, having screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court reassigns this case to a district judge with the recommendation that it be dismissed without prejudice for lack of subject matter jurisdiction.

## I.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff alleges that Defendant has been telling their neighbors that he is a thief and has been stealing his van parts. (*See* Compl. at 4, 8.) In addition to the slander cause of action, Plaintiff also alleges invasion of privacy. *Id.* at 6. Both of these are state law causes of action. Since both parties reside on the same street in Concord, California, there is no diversity. (*See* Dkt. No. 3.) Accordingly, the district court lacks subject matter jurisdiction over this lawsuit, and the complaint must be dismissed pursuant to § 1915.

## III. CONCLUSION

For the reasons set forth above, the district court lacks subject matter jurisdiction to adjudicate the allegations in Plaintiff's complaint. Accordingly, the undersigned RECOMMENDS that the case be dismissed without prejudice, so that Plaintiff may refile his lawsuit in Contra Costa County Superior Court.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: April 22, 2019

KANDIS A. WESTMORE
United States Magistrate Judge